**E-FILED**
Wednesday, 19 December, 2012  11:22:05 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10029 |
| | ) | |
| LARRY CAFFIE, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

After a bench trial, Defendant Larry J. Caffie was found guilty and convicted of distribution of crack cocaine on Counts 1-3 in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and possession with intent to distribute crack cocaine on Count 4 of the Indictment in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  Defendant was sentenced on February 7, 2008, to a term of imprisonment of 168 months on Counts 1-3 to run concurrent and to life on Count 4 to run concurrent with the terms of imprisonment imposed on Counts 1-3.  He was fined $2,500.00 and sentenced to a term of 6 years supervised release on Counts 1-3 and a 10 year term of supervised release on Count 4, all to run concurrent with each other.  Defendant Caffie's appeal to the Seventh Circuit Court of Appeals (Doc. 58) was dismissed (Doc. 82) on March 5, 2009.

On July 2, 2009, Defendant Caffie filed a motion pursuant to 28 U.S.C. § 2255, docketed in Civil Case No. 09-1231 seeking to vacate, set aside, or correct his sentence (Doc. 1).  This motion was denied by Order entered June 17, 2011 (Doc. 11).  On August 8, 2011, Defendant Caffie filed a Notice of Appeal (Doc. 14); however, his motion to appeal *in forma pauperis* was denied by this Court (Doc. 20) and also by the Court of Appeals in addition to denying a certificate of appealability (Doc. 27).  This terminated the civil case.

On November 14, 2011, Defendant filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of the 2010 Amendment 750 to the crack cocaine guidelines engendered by the Fair Sentencing Act of 2010 (Doc. 87).  The Federal Public Defender was appointed to represent Defendant Caffie; and on January 30, 2012 (Doc. 88) and February 1, 2012 (Doc. 89), amended motions styled as "Agreed Motion to Reduce Sentence" were filed recommending Defendant Caffie's entitlement to a sentence reduction on Counts 1-3.  Consequently, on February 13, 2012, Defendant's sentence was reduced to 140 months imprisonment on Count 1-3 to run concurrent with the mandatory life sentence imposed on Count 4 which was unaffected by the amendment to the crack cocaine guidelines (Doc. 90).

Now before the Court is Defendant Caffie's motion (Doc. 95) filed on December 11, 2012, styled as a "Rule 60(b) motion."  The substance of the motion is a challenge to his sentence which he alleges is "unconstitutional" because it was erroneously based on a penalty enhancement for past convictions which did not comply with the prerequisites of 21 U.S.C. § 851.  Regardless of the merits of Defendant Caffie's attack on his sentence, Rule 60(b) is not an acceptable vehicle: a motion under Rule 60(b) is a civil motion that is not available to an individual challenging his sentence.  Title 28 U.S.C. § 2255 is the established vehicle to attack a federal criminal conviction and sentence in collateral proceedings, and since the motion attacks Defendant Caffie's sentence, the Court construes the motion as one brought under section 2255.  Since Defendant Caffie has already litigated a section 2255 motion, he is barred from filing a second or successive section 2255 motion without first obtaining authorization from the Seventh Circuit Court of Appeals as required by section 2255(h) and section 2244.  Since Defendant Caffie has not obtained such authorization from

the Court of Appeals, his motion (Doc. 95) is dismissed for lack of jurisdiction.  CASE TERMINATED.

ENTERED this  18th  day of December, 2012.

s/Joe B. McDade
JOE BILLY McDADE
Sr. United States District Judge